**STRAFFI & STRAFFI, LLC**
670 Commons Way
Toms River, NJ 08755
(732) 341-3800
(732) 341-3548 (fax)
bkclient@straffilaw.com
Attorney for Defendant, Joseph Ashton and Denise Ashton

| | |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY |
| JOSEPH J. ASHTON<br>DENIS M. ASHTON<br>Debtor(s). | Chapter 13 Proceeding<br>Case No: 23-12677/ABA |
| GENERAL MOTORS COMPANY and<br>GENERAL MOTORS, LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>JOSEPH ASHTON and DENISE ASHTON,<br><br>Defendant(s). | Adv. No: 23-1171/ABA<br><br>**ANSWER TO ADVERSARIAL COMPLAINT** |

Joseph Ashton and Denise Ashton, through their counsel, Daniel E. Straffi, Jr., by way of Answer state:

## JURISDICTION AND VENUE

1. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 1 and leaves Plaintiff to their proofs.
2. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 2 and leaves Plaintiff to their proofs.

3. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 3 and leaves Plaintiff to their proofs.
4. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 4 and leaves Plaintiff to their proofs.
5. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 5 and leaves Plaintiff to their proofs.

## FACTUAL ALLEGATIONS

6. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 6 and leaves Plaintiff to their proofs.
7. Defendants deny the allegations contained in paragraph 7 of the Plaintiff's Complaint.
8. Defendants deny the allegations contained in paragraph 8 of the Plaintiff's Complaint.
9. Defendants deny the allegations contained in paragraph 9 of the Plaintiff's Complaint.
10. Defendants deny the allegations contained in paragraph 10 of the Plaintiff's Complaint.
11. Defendants deny the allegations contained in paragraph 11 of the Plaintiff's Complaint.
12. Defendants deny the allegations contained in paragraph 12 of the Plaintiff's Complaint.
13. Defendants deny the allegations contained in paragraph 13 of the Plaintiff's Complaint.
14. Defendants deny the allegations contained in paragraph 14 of the Plaintiff's Complaint.
15. Defendants deny the allegations contained in paragraph 15 of the Plaintiff's Complaint.

## CAUSES OF ACTION

### First Cause of Action: Non-Dischargeability Under 11 U.S.C. §523(a)(2)

16. Defendants deny the allegations contained in paragraph 16 of the Plaintiff's Complaint.
17. Defendants deny the allegations contained in paragraph 17 of the Plaintiff's Complaint.
18. Defendants deny the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Plaintiff's Complaint.

**Second Cause of Action: Non-Dischargeability Under 11 U.S.C. §523 (a)(4)**

20. Defendants deny the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Plaintiff's Complaint.

**WHEREFORE**, Defendants, Joseph Ashton and Denise Ashton demand judgment against Plaintiff dismissing the Complaint in its entirety, together with costs and reasonable attorney's fees, and for such other and further relief as the Court may deem just, fair and equitable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims for damages set forth in the complaint were caused by the negligence or other tort liability or contractual liability of others over whom the Defendant had no control.

### THIRD AFFIRMATIVE DEFENSE

The allegations of damages as set forth in the Complaint were caused by the contributory negligence of Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the Doctrine of Election of Remedies.

### FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the failure to comply with all necessary conditions precedent.

### SIXTH AFFIRMATIVE DEFENSE

The claims set forth in the complaint are barred by the Doctrine of Estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the Statute of Frauds.

### EIGHTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are subject to a reasonable use allowance by way of total defense or in mitigation of same.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred in whole or in part by the terms of the written agreement.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred by the Doctrine of Unclean Hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

The allegations concerning the cause of action as set forth in the Complaint were caused by the comparative negligence of the Plaintiff by way of total defense of mitigation of same.

**TWELTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred by Laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant is not the proximate cause of losses, if any, sustained by Plaintiff.

**FOURTEENTH SEPARATE DEFENSE**

Defendant did not engage in conduct that in any way caused the Plaintiff to suffer actual pecuniary loss or other form of harm.

**FIFTEENTH SEPARATE DEFENSE**

The claims of the Plaintiff are barred due to a lack of consideration.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are subject to setoff.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

All claims or damages in the form of *quantum meruit* are barred due to the absence of any contract, expressed or implied.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of waiver.

**NINETEENTH AFFFIRMATIVE DEFENSE**

The alleged "contract" on which Plaintiff bases his lawsuit was illegal in that it fails to comply with the requirements of the New Jersey Consumer Fraud Act and, accordingly Defendant owes the Plaintiff nothing.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claimed "contract" is barred on the grounds that the "contract" violates public policy in that it is contrary to law and regulation.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The applicable law, rule, statute or regulation, including but not limited to the Statute of Limitations on actions controlling and/or requiring the institution of a suit within a certain period of time after its accrual, bars the Plaintiff's Complaint as a matter of law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendant did not violate any duty owed to the Plaintiff under common law, statute, regulation or standard.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The alleged damages complained of were due to unavoidable circumstances and causes beyond the control or fault of the Defendant.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

If the Plaintiff suffered damages, then the same were caused by the Plaintiff's actions.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff assumed risks incidental to the activity he was engaged in and is thereby barred from recovery.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

There existed no duty by way of warranty, either expressed or implied, upon Defendant.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff, by his own conduct, is estopped from asserting any cause of action against Defendant.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

An accord and satisfaction has/had been entered into between the parties and, accordingly, Plaintiff has no cause of action against Defendant and no relief can be granted.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Defendant hereby reserves the right to interpose such other defenses and objections as continuing investigation may disclose.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate his damages and is thereby barred from recovery.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff cannot prevail on his Complaint because there has been no compliance with the Statue of Frauds.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are frivolous as set forth in N.J.S.A. 2A:15-59.1, requiring the award of litigation costs and attorney fees to the Defendant.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Defendant denies the existence of/or breach of any duty and further deny the existence of/or breach of any contractual obligation, expressed or implied.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred against the Defendant by a lack of privity of contract.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, both in whole and/or in part, are barred by his failure to act in accordance with the Standards of Good Faith and Fair Dealing.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, both in whole and/or in part, are barred by his fraud and misrepresentations.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, both in whole and/or in part, are barred because any alleged "reliance" by Plaintiff with respect this matter was not reasonable or justifiable.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, both in whole and/or in part, are barred because the Defendant was not unjustly enriched.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Any alleged "contract" between the Plaintiff and Defendant is unconscionable and, therefore void and unenforceable.

**FORTIETH AFFIRMATIVE DEFENSE**

Any alleged "Agreement" or "Contract" between the Plaintiff and Defendant were procured through fraud and deception on the part of Plaintiff therefore is void and unenforceable by operation of law.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff materially breached alleged "Agreement" or "Contract" between Plaintiff and Defendant and therefore any such "Agreement" or "Contract" is null and void, and unenforceable by operation of law.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

There was/is no Agreement or Contract between the Plaintiff and Defendant pertaining to any of the issues raised in the pleadings.

**DESIGNATION OF TRIAL COUNSEL**

Daniel E. Straffi, Jr., Esq. is hereby designated as trial counsel for Defendants, Joseph Ashton and Denise Ashton.

/s/ Daniel E. Straffi, Jr.

Dated: August 13, 2023

_____________________________________

Daniel E. Straffi, Jr.
Attorney for Defendants

# CERTIFICATION

The undersigned hereby certifies that to my knowledge and based upon the information available to me at this time, the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding and that no additional parties are known at this time who should be joined in this action.

/s/ Daniel E. Straffi, Jr.

Dated: August 13, 2023

____________________________________

Daniel E. Straffi, Jr.
Attorney for Defendants

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that a copy of the within pleading was served and filed via regular mail and electronically within the time allowed by applicable Court Rules.

/s/ Daniel E. Straffi, Jr.

Dated: August 13, 2023

Daniel E. Straffi, Jr.
Attorney for Defendants